IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:21-CV-00454-WO-JLW

| | |
|---|---|
| SHELLEY R. GARNICK, TANAJAH CLARK and ZOE R. JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAKE FOREST UNIVERSITY BAPTIST MEDICAL CENTER, THE BOARD OF DIRECTORS OF WAKE FOREST UNIVERSITY BAPTIST MEDICAL CENTER, THE RETIREMENT BENEFIT COMMITTEE OF WAKE FOREST UNIVERSITY BAPTIST MEDICAL CENTER and JOHN DOES 1-30,<br><br>Defendants. | **JOINT RULE 26(f) REPORT** |

1. Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b), as of November 29, 2022, counsel for Plaintiffs and the WFUBMC Defendants ("Defendants") conferred and agreed to the contents of this Joint Report.

2. <u>Discovery Plan</u>. The parties propose to the Court the following discovery plan:

(a) Discovery will commence **upon entry of the Court's Rule 26 Scheduling Order**.

(b) Discovery will be needed on the following subjects: The allegations in the Amended Complaint, including without limitation all matters regarding the fees,

recordkeeping and other service providers, and investments of the Wake Forest University Baptist Medical Center 403(b) Retirement Savings Plan ("Plan"), the named Plaintiffs' investment history and choice of investment(s) through the Plan, and other relevant information related to Plaintiffs' allegations; the process used to select, monitor, and remove investments offered under the Plan; the administrative and recordkeeping fees charged by the Plan's recordkeepers and the process for monitoring such fees; the investment management fees associated with investments offered under the Plan and the process for monitoring such fees; the affirmative and other defenses as set forth in the Answer to the Amended Complaint; depositions and related discovery of any disclosed experts; other issues raised by the pleadings and other matters relevant to any party's claim or defenses.

(c) The parties agree that the appropriate plans for this case (with any stipulated modification by the parties as set out herein) is that designated in Local Rule 26.1(a) as: **Exceptional**.

Stipulated modifications to the case management track include: **None**.

The parties propose:

Initial disclosures due: **December 16, 2022.**

The date for fact discovery to close: **September 15, 2023.**

Initial expert reports and disclosures due: **October 13, 2023.**

Response expert reports and disclosures due: **November 17, 2023.**

Rebuttal expert reports and disclosures are due: **December 15, 2023.**

For all experts, supplements will be as provided in Rule 26(e) or as otherwise ordered by the Court.

The date for completion of all discovery (general and expert) is: **January 26, 2024.**

Plaintiffs shall move for class certification under Rule 23 by: **April 14, 2023.**

Defendants shall file their response to Plaintiffs' class certification motion on or before **May 19, 2023**. Plaintiffs shall file their reply on or before **June 9, 2023**.

Notices of intentions to file dispositive motions per LR 56.1(a) due: **February 8, 2024.**

Dispositive motion deadline: **February 29, 2024.**

Interrogatories are limited to **30** for all of the Plaintiffs combined and **30** for all the Defendants combined.

Depositions are limited to **10** for all of the Plaintiffs combined and 10 for all of the Defendants combined.

(d) ESI. The parties do not anticipate any issues relating to disclosures or discovery of electronically stored information ("ESI"). The parties agree to meet and confer regarding any such issues in the event they arise and ensure that production of such documents occurs in a practical manner that minimizes the burden and expense upon the parties.

3. Mediation. The parties propose that mediation be conducted late in the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties will confer regarding a mutually agreeable mediator and they will designate

such a mediator or otherwise inform the Court that they were unable to agree on a mediator no later than **December 31, 2022.**

4. Preliminary Deposition Schedule. The parties agree to meet and confer regarding the schedule for depositions. At this time the parties agree that the schedule for depositions **shall be determined after initial disclosures**. The parties will confer regarding this schedule at reasonable intervals.

5. Other Items.

(a) All documents identified by the parties in their disclosures under Federal Rule of Civil Procedure 26(a)(1) will be produced by **January 6, 2023**.

(b) Plaintiffs should be allowed until **February 8, 2023** to request leave to join additional parties or amend pleadings. Defendants should be allowed until **March 8, 2023** to request leave to join additional parties or amend pleadings.

(c) The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. § 636(c), or the appointment of a master: **The parties do not consent to a Magistrate Judge.**

(d) Trial of the action is expected to take approximately **five (5) to seven (7)** days. Neither Plaintiffs nor Defendants have requested a jury trial. Defendants maintain that a jury trial is not available under ERISA.

(e) The parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal per LR 5.4. The case may involve confidential or sealed documents and the parties have separately filed a LR 5.5 Report.

This the 2nd day of December, 2022.

| | |
|---|---|
| /s/ John Szymankiewicz<br>John Szymankiewicz<br>N.C. Bar No. 41623<br>john@mathesonlawoffice.com<br><br>**MATHESON & ASSOCIATES, PLLC**<br>127 West Hargett Street, Suite 100<br>Raleigh, NC 27601<br>Telephone: (919) 335-5291<br>Facsimile: (919) 516-0686<br><br>Mark K. Gyandoh*<br>mark@capozziadler.com<br>**CAPOZZI ADLER, P.C**.<br>312 Old Lancaster Road<br>Merion Station, PA 19066<br>Telephone: (610) 890-0200<br><br>Donald R. Reavey*<br>donr@capozziadler.com<br>**CAPOZZI ADLER, P.C**.<br>2933 North Front Street<br>Harrisburg, PA 17110<br>Telephone: (717) 233-4101<br><br>*Local 83.1 Appearance<br><br>*Attorneys for Plaintiffs* | /s/ David C. Wright<br>David C. Wright, III<br>N.C. Bar No. 11161<br>dwright@robinsonbradshaw.com<br><br>Jonathan C. Krisko<br>N.C. Bar No. 28625<br>jkrisko@robinsonbradshaw.com<br><br>Akya S. Rice<br>N.C. Bar No. 54655<br>arice@robinsonbradshaw.com<br><br>**ROBINSON, BRADSHAW & HINSON, P.A**.<br>101 North Tryon Street, Suite 1900<br>Charlotte, NC 28246<br>Telephone: (704) 377-2536<br>Facsimile: (704) 378-4000<br><br>Jeremy P. Blumenfeld*<br>jeremy.blumenfeld@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1701 Market Street<br>Philadelphia, PA 19103-2921<br>Telephone: (215) 963-5258<br><br>Abbey M. Glenn*<br>abbey.glenn@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1111 Pennsylvania Ave., NW<br>Washington, DC 20004-2541<br>Telephone: (202) 739-5569 |

|  | *Local 83.1 Appearance* |
|  | *Attorneys for WFUBMC Defendants* |